IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

**FILED**

**August 27, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9707-CR-00237 |
| Appellee, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Thomas H. Shriver, Judge |
| MARCUS L. NELSON, | * | (Aggravated Robbery) |
| Appellant. | * | |

**CONCURRING OPINION**

In <u>State v. King</u>, _____ S.W.2d _____ (Tenn. 1998), our supreme court ruled that the charge on parole eligibility and early release was acceptable because the jury was provided the instruction on an "information only" basis. In my view, juries should not be allowed to weigh and consider parole eligibility in the context of innocence or guilt. Any error in giving the instruction in this instance, however, was harmless beyond doubt. The proof is overwhelming that the defendant committed the crimes for which he was convicted. So long as the jury understands that the statute at issue plays no part in the determination of guilt or innocence to any of the crimes defined in the instructions, convictions should be upheld on appeal. Otherwise, the ruling of this court in <u>State v. Jason M. Weiskopf</u>, No. 02C01-9611-CR-00381 (Tenn. Crim. App., at Jackson, Feb. 4, 1998), <u>app. filed</u>, (May 6, 1998), should control.

_____
Gary R. Wade, Judge